ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN K. GRANT (169813)
LUKE O. BROOKS (212802)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone: 415-288-4545
Facsimile: 415-288-4534
johng@rgrdlaw.com
lukeb@rgrdlaw.com

and

JOHN C. HERMAN
RYAN K. WALSH
PETER M. JONES
JASON S. JACKSON
3424 Peachtree Road, N.E.
Monarch Centre, Suite 1650
Atlanta, Georgia 30326
Telephone: 404-504-6500
Facsimile: 404-504-6501
jherman@rgrdlaw.com
rwalsh@rgrdlaw.com
pjones@rgrdlaw.com
jjackson@rgrdlaw.com

Attorneys for Defendant
U.S. Ethernet Innovations, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION,<br><br>        Plaintiff,<br><br> vs.<br><br>U.S. ETHERNET INNOVATIONS, LLC,<br><br>        Defendant(s). | Case No. 3:10-cv-03481-CRB<br><br>DEFENDANT U.S. ETHERNET INNOVATIONS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS<br><br>DATE: October 8, 2010<br>TIME:   10:00 a.m.<br>COURTROOM: 8 |

|   |   |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: |
| 3 | PLEASE TAKE NOTICE that on October 8, 2010 at 10:00 a.m., or as soon thereafter as the |
| 4 | matter may be heard, in Courtroom 8, 19th floor of the United States District Court for the Northern |
| 5 | District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant |
| 6 | U.S. Ethernet Innovations, LLC ("USEI") will and hereby does move the Court for an Order |
| 7 | granting this motion to dismiss the Complaint filed by Plaintiff Zions Bancorporation ("Zions"), |
| 8 | pursuant to Rule 12(b) (2) of the Federal Rules of Civil Procedure.  This motion is based upon this |
| 9 | Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of |
| 10 | Laurence Rosenberg, submitted herewith and such other papers as may be further submitted in |
| 11 | support hereof. |
| 12 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 13 | Zions filed the present action without any regard for whether this Court has jurisdiction over |
| 14 | USEI, a Texas company with no systematic contacts with the State of California.  Zions' Complaint |
| 15 | fails to allege *any* facts that would support a finding of personal jurisdiction over USEI in this Court. |
| 16 | Rather, the Complaint's only reference to personal jurisdiction is the conclusory statement, "On |
| 17 | information and belief, USEI is subject to this Court's specific and general personal jurisdiction |
| 18 | consistent with the principles of due process and/or the California Long Arm Statute."  Complaint, |
| 19 | ¶7.  Contrary to this wholly unsupported allegation, USEI has no contacts with the State of |
| 20 | California that would subject it to personal jurisdiction in this action.  In light of the absence of the |
| 21 | requisite "minimum contacts" between USEI and this forum, USEI respectfully requests that this |
| 22 | case be dismissed. |
| 23 | **I.    BACKGROUND** |
| 24 | **A.    USEI** |
| 25 | USEI is a Texas limited liability company based in Tyler, Texas.  *See* Declaration of |
| 26 | Laurence Rosenberg ("Rosenberg Decl."), filed contemporaneously herewith, at ¶2.  3Com |
| 27 | Corporation ("3Com") selected USEI to handle certain aspects of enforcement related to the wide- |
| 28 | spread infringement of 3Com's patented Ethernet Technology (the "Ethernet Patent Portfolio"). |

1  While at one time 3Com employed 4,000 people in its Ethernet business, this division has been
2  completely driven out of the market by waves of cheap, primarily foreign-manufactured Ethernet
3  products.  USEI was formed to continue 3Com's successful licensing program on behalf of its
4  portfolio of foundational patents in Ethernet technology.  *Id.*, ¶3.

5  USEI has no systematic contacts with the State of California.  USEI has no office or facility
6  in California.  USEI has no employees located in California.  USEI owns no real property in
7  California.  *Id.*, ¶4.  USEI has not engaged in any marketing activities in California, nor engaged in
8  any advertising in California newspapers or on California television or radio stations.  USEI does not
9  operate an interactive website.  *Id.*, ¶5.  USEI maintains no bank accounts in California, has obtained
10  no loans in California, is not registered to do business in California, and has no agent for service of
11  process in California.  USEI has received no revenues from the State of California.  *Id.*, ¶6.  In
12  addition, USEI has not initiated judicial or extra-judicial enforcement of the Ethernet Patent
13  Portfolio in the Northern District of California or issued an exclusive license to the patents in the
14  Ethernet Patent Portfolio.  *Id.*, at ¶7.  USEI's affirmative contacts with the State of California are
15  limited to the mailing of a package of materials regarding the Ethernet Patent Portfolio (the
16  "Portfolio Binder") to eleven companies located here.  *Id.*, ¶12.

17  **B.  Zions**

18  Zions is a Utah corporation with a principal place of business in Salt Lake City, Utah.
19  Complaint, ¶2.  On or about November 6, 2009, USEI sent Zions a Portfolio Binder and offered
20  Zions a license to that portfolio.  *Id.*, ¶8.  The Portfolio Binder was directed to Thomas E. Laursen,
21  Zions' Executive Vice President and General Counsel, in Salt Lake City, Utah.  *Id.*  After leaving a
22  follow-up phone message for Laursen, USEI sent a second letter in June 2010.  *Id.*, ¶9.  On June 24,
23  2010, Anthony Son, counsel for Zions, responded to USEI.  *Id.*, ¶10.  At Son's request, USEI sent an
24  electronic copy of the Portfolio Binder to Son.[1]  *Id.*  Between June 24, 2010 and August 6, 2010,
25  USEI exchanged a number of telephone calls and e-mails with Son regarding the Ethernet Patent

---

27  [1]  Son appears to be located in the Washington, D.C. office of Wiley Rein LLP.  Anthony Son – Attorney Profile, http://www.wileyrein.com/professionals.cfm?sp=bio&id=981.

1 Portfolio. *Id.* USEI did not direct any communications with Zions regarding the Ethernet Patent Portfolio to the State of California. *Id.*, ¶11. Zions filed the Complaint in the present action with no warning, on or about August 6, 2010.

### C. The Acer Litigation

On October 9, 2009, USEI filed an action in the Eastern District of Texas against several defendants for infringement of certain patents in the Ethernet Patent Portfolio, *U.S. Ethernet Innovations, LLC v. Acer, Inc., et al.*, 6:09-cv-448 (E.D. Tex.) (the "Acer Litigation"). On March 9, 2010, the defendants jointly moved to transfer the action to the Northern District of California. USEI opposed the motion. On July 13, 2010, the court issued an order granting the defendants' motion. On August 26, 2010, the case was transferred and case number 3:10-cv-3724 was opened in the Northern District of California.

## II. ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over USEI

#### 1. Personal Jurisdiction Standard

Personal jurisdiction issues in a patent infringement case are determined pursuant to Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). A district court has personal jurisdiction over the defendant if: (1) jurisdiction exists under the forum state's long-arm statute, and (2) the assertion of personal jurisdiction is consistent with the limitations of the due process clause. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). California's long-arm statute is construed to extend to the outer boundaries of due process. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). The jurisdiction analysis therefore reduces to a due process inquiry. *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1344 (Fed. Cir. 2006).

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Minimum contacts can be established by a showing of either "specific" or "general" jurisdiction. *Helicopteres Nacionales de Columbia, S.A. v. Hall*, 466 U.S.

1  408, 414 (1984). Specific jurisdiction exists if the plaintiff's claims "arise out of" or have a "causal
2  nexus" with the defendant's conduct in the forum. *Id.* General jurisdiction exists if the defendant
3  has "continuing and systematic" contacts with the forum. *Id.* at 415.

      **2.    This Court Has Neither Specific Nor General Jurisdiction Over USEI**

           **a.    A Licensing Letter Does Not Confer Specific Jurisdiction**

7        Any argument that specific jurisdiction exists based on the correspondence that USEI sent to
8  California is flatly contradicted by clear and controlling Federal Circuit precedent. *Avocent*
9  *Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1333 (Fed. Cir. 2009) (citing *Silent Drive,*
10  *Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003)) (emphasis in original); *United*
11  *Plastics Corp. v. Terra Techs., Inc.*, No. 1:06CV00629, 2007 WL 433389, at *2 (M.D.N.C. Feb. 6,
12  2007) (citing *Silent Drive.*, 326 F.3d at 1201). The Federal Circuit has consistently held that "letters
13  threatening suit for patent infringement sent to the alleged infringer ***by themselves*** 'do not suffice to
14  create personal jurisdiction.'" (citing *Silent Drive*, 326 F.3d at 1202) (emphasis added). *Avocent*,
15  552 F.3d at 1333; *United Plastics*, 2007 WL 433389, at *2. "To exercise jurisdiction in such a
16  situation would not comport with fair play and substantial justice." *Id.*

17        The facts presented here even fall short of those deemed insufficient by the Federal Circuit,
18  as none of the correspondence USEI sent to California was directed to Zions. Zions is a Utah
19  corporation with a principal place of business in Salt Lake City, Utah. Complaint, ¶2. When USEI
20  initiated contact with Zions regarding the Ethernet Patent Portfolio, it sent the Portfolio Binder to
21  Zions' offices in Utah. Rosenberg Decl., ¶8. USEI did not direct any communications with Zions
22  regarding the Ethernet Patent Portfolio to the State of California. *Id.*, ¶11. The only contacts with
23  this forum remotely related to this action are eleven Portfolio Binders USEI sent to other companies
24  located in California. Regardless, the Federal Circuit has made clear that infringement letters alone
25  cannot create personal jurisdiction. *Avocent*, 552 F.3d at 1333; *United Plastics*, 2007 WL 433389, at
26  *2.

27        In order to comport with "fair play and substantial justice," there must be some "'other
28  activities directed at the forum and related to the cause of action besides the letters threatening an

infringement suit.'" *Avocent*, 552 F.3d at 1333 (citing *Silent Drive*, 326 F.3d at 1202). These other activities include "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.* at 1334.

USEI has not engaged in any "other activities" in connection with its licensing letters that would support specific jurisdiction in this forum. *See* Rosenberg Decl., ¶7. While the Acer Litigation is currently pending in the Northern District of California, USEI did not ***initiate*** litigation in this forum. USEI filed the Acer Complaint in the Eastern District of Texas, and that action was transferred to Northern California pursuant to §1404(a) over USEI's objection after this case was filed.[2] It would be patently unfair to determine that USEI "purposefully availed" itself of this forum by filing a lawsuit in a district court halfway across the country. This Court therefore lacks specific jurisdiction over USEI. *Avocent*, 552 F.3d at 1333; *United Plastics*, 2007 WL 433389, at *2.

**B. USEI Is Not Subject to General Jurisdiction in This Forum**

As noted above, USEI has no systematic contacts with the State of California. Rosenberg Decl., ¶¶4-7. USEI has no office, facility, real property, or employees located in California. *Id.* at ¶4. USEI does not advertise in California. USEI does not operate an interactive website available in California. *Id.* at ¶5. USEI maintains no bank accounts in California, has obtained no loans in California, is not registered to do business in California, and has no agent for service of process in California. USEI has received no revenues from the State of California. *Id.* at ¶6. In addition, USEI has not initiated judicial or extra-judicial enforcement of the Ethernet Patent Portfolio in the Northern District of California or issued an exclusive license to the patents in the Ethernet Patent Portfolio. *Id.* at ¶7. USEI's affirmative contacts with the State of California are limited to the mailing of Portfolio Binders to eleven companies located here. *Id.* at ¶12. In short, USEI has no systematic contacts with California and certainly none sufficient to confer general jurisdiction in this forum.

---

[2] Whether USEI was subject to personal jurisdiction in the Northern District of California played no role in the §1404(a) analysis.

## III. CONCLUSION

In the absence of any "continuing and systematic" contacts with this forum, Zions cannot establish personal jurisdiction over USEI in this juridical district.  Accordingly, USEI respectfully requests that this motion be granted and the Complaint be dismissed.

DATED:  August 30, 2010

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN K. GRANT
LUKE O. BROOKS

          s/ JOHN K. GRANT         
JOHN K. GRANT

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone:  415-288-4545
Facsimile:  415-288-4534
johng@rgrdlaw.com
lukeb@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN C. HERMAN
RYAN K. WALSH
PETER M. JONES
JASON S. JACKSON
3424 Peachtree Road, N.E.
Monarch Centre, Suite 1650
Atlanta, Georgia 30326
Telephone:  404-504-6500
Facsimile:  404-504-6501
jherman@rgrdlaw.com
rwalsh@rgrdlaw.com
pjones@rgrdlaw.com
jjackson@rgrdlaw.com

Attorneys for Defendant
U.S. Ethernet Innovations, LLC

I:\JennM\E.S. Ethernet Mtn to Dismiss.doc

CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 30, 2010.

 s/ JOHN K. GRANT
JOHN K. GRANT

ROBBINS GELLER RUDMAN
& DOWD LLP

E-mail:JohnG@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-03481-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Edward Vincent King , Jr**
  evking@kingandkelleher.com,lana@kingandkelleher.com,alindsay@kingandkelleher.com

- **Anthony H. Son , Esq**
  ason@wileyrein.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)